# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 6608 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| XTREME AUTO SALES, INC., | ) | |
| IVAN TOTEV, KIRK WILKERSON | ) | |
| and JUNE WILKERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a declaratory judgment action involving whether Xtreme Auto Sales, Inc. ("Xtreme") violated the notice provision of its insurance policy with Auto-Owners Insurance Company ("Auto-Owners"). Before the Court are the cross motions for summary judgment of plaintiff Auto-Owners and defendants Kirk and June Wilkerson.[1] For the following reasons, the Court grants plaintiff's motion for summary judgment and denies defendants' cross motion.

## Facts

*A.   Underlying Tort Litigation*

On July 2, 2004, the Wilkersons and Ivan Totev were involved in an automobile accident in New Jersey. (Pl.'s LR 56.1(a)(3) Stmt. ¶ 1.) On June 19, 2006, the Wilkersons filed a personal injury action against Totev and Xtreme, the owner of the vehicle Totev was driving, for injuries and damages resulting from the accident

---

[1] The Court granted a motion to default with respect to Ivan Totev and Xtreme. (Pl.'s LR 56.1(a)(3) Stmt.¶ 16.) The Wilkersons answered the complaint. (*Id.* ¶ 17.)

("Wilkerson action").[2] (*Id.* ¶ 2.) On the date of the accident, Xtreme had liability coverage with Auto-Owners in the amount of $1,000,000.00 per occurrence. (*Id.* ¶ 18.) In defense of the litigation, Xtreme mistakenly notified its subsequent carrier, National Casualty Company ("National"), who also mistakenly accepted the risk by attempting to enter a defense through attorneys retained in New Jersey. (*Id.* ¶ 10.)

On February 29, 2008, a default judgment was entered against Totev and Xtreme in the Wilkerson action for failure to timely answer or otherwise move as to the complaint. (*Id.* ¶ 9.) On April 10, 2008, Xtreme filed a motion to vacate the default, which was denied on May 9, 2008. (*Id.* ¶ 11.) On May 20, 2008, Xtreme filed a motion for reconsideration, which was denied on June 6, 2008. (*Id.* ¶ 12.) On June 9, 2008, a proof hearing was conducted in the Wilkerson action, at which time the court entered a $260,000.00 judgment in favor of the Wilkersons and against Xtreme and Totev.[3] (*Id.* ¶ 9.) Throughout these proceedings, Xtreme was represented by National. (*Id.* ¶ 10.)

On June 20, 2008, Auto-Owners received its first notice of the Wilkerson action. (*Id.* ¶ 23.) On or about July 16, 2008, National denied coverage for Xtreme for the Wilkerson action, but agreed to continue funding Xtreme's defense thorough August 20, 2008, to allow it to perfect an appeal. (Compl. ¶ 19.) On August 21, 2008, the appeal was denied. (Pl.'s LR 56.1(a)(3) Stmt. ¶ 14.) On September 15, 2008, Auto-Owners received a copy of the complaint. (*Id.* ¶ 24.)

---

[2] This case was filed in the Superior Court of New Jersey, and was assigned case number MID-L-4916-06.
[3] On July 29, 2008, an order was entered memorializing this judgment indicating that the matter was "unopposed." (Pl.'s LR 56(a)(3) Stmt. ¶ 9.)

B.  *Auto-Owners' Insurance Policy*

The policy Auto-Owners issued to Xtreme states:

**NOTICE OF ACCIDENT, CLAIM OR SUIT.**  Upon the occurrence of an accident covered by this policy, the insured shall give immediate notice to the Company [Auto-Owners] or its authorized agent.  Failure to give such notice shall not invalidate this insurance if it is shown that the insured could not reasonably give such notice.  Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and address of the injured persons, the owner or driver of the other automobile involved and available witnesses.  The named insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this insurance.

If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company [Auto-Owners] every demand, notice, summons or other process received by him or his representative.

(*Id.* ¶ 19; Pl.'s Ex. M4, Ins. Policy, at 70.)  On November 18, 2008, Auto-Owners filed a complaint in this Court for a declaration that it has no duty to defend or indemnify Xtreme due to, among other things, lack of timely notice.  (Pl.'s LR 56.1(a)(3) Stmt. ¶ 15.)

## Discussion

A.  *Legal Standard*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the burden of showing the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If the movant meets this burden, the non-movant cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the

burden at trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). To succeed on a summary judgment motion, the evidence must be such "that [no] reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering the motion, the court must view all evidence in the light most favorable to the non-movant. *Id.* at 255. Whether an insured's notice to its insurer was late is typically a question of fact, but it may be properly resolved as a matter of law if the material facts are not in dispute. *Northbrook Prop. & Cas. Ins. Co. v. Applied Sys., Inc.*, 729 N.E.2d 915, 921 (Ill. App. Ct. 2000).

B.  *Late Notice*

Plaintiff argues that Xtreme breached the insurance policy by failing to give it immediate notice of the accident between the Wilkersons and Totev. The term "immediate" in an insurance policy notice provision has been interpreted as meaning that such notice must be given "within a reasonable time." *W. Am. Ins. Co. v. Yorkville Nat'l Bank*, No. 108285, 2010 WL 3704985, * 4 (Ill. Sept. 23, 2010.) Whether notice has been given within a reasonable time depends on the facts and circumstances of each case. *Id.*, at *3. In general, breaching a policy's notice clause will defeat the right of the insured party to recover under the policy. *See Country Mut. Ins. Co. v. Livorski Marine, Inc.*, 856 N.E.2d 338, 343 (Ill. 2006) (citing *Simmon v. Iowa Mut. Cas. Co.*, 121 N.E.2d 509, 512 (Ill. 1954)).

In determining whether the insured gave notice within a reasonable time, Illinois courts examine several factors, including: (1) the language of the policy's notice provision; (2) the insured's sophistication regarding insurance policies; (3) the insured's

4

awareness that an accident as defined by the policy has taken place; (4) the insured's diligence in ascertaining whether policy coverage is available; and (5) whether the insurer was prejudiced by any delay in notice. *See Northbrook Prop.*, 729 N.E.2d at 921. However, if it is determined that the insured's notice was unreasonably and inexcusably late, the insurer need not prove it suffered prejudice. *Country Mut. Ins. Co.*, 856 N.E.2d at 342 (holding that if insurer did not receive reasonable notice of an occurrence or lawsuit, the insured may not recover under the policy regardless of whether the lack of notice prejudiced the insurer).

Here, it is undisputed that Xtreme did not give Auto-Owners notice of the accident until approximately forty-seven months after its occurrence and approximately twenty-four months after the Wilkerson action was filed. (Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 9-13, 22, 23.) Presumably, Xtreme believes that its mistaken notification to National excuses the delay. This is true only if its mistake was reasonable. *See Northbrook Prop.,* 729 N.E.2d at 921-22; *see also Grasso v. Mid-Century Ins. Co.*, 536 N.E.2d 977, 980-81 (Ill. 1989) (explaining that courts should focus on the reasonableness of the excuse); *see, e.g.*, *Brotherhood Mut. Ins. Co. v. Roseth*, 532 N.E.2d 354, 358 (Ill. App. Ct. 1988) (holding that a two-year delay was excused because insured did not reasonably believe that its claim was covered); *Rivota v. Kaplan*, 364 N.E.2d 337, 345 (Ill. App. Ct. 1977) (an insured's belief of noncoverage, though erroneous, may excuse a delay in notice). Because there is no evidence to suggest that it was, the Court holds that Xtreme's failure to give plaintiff notice of the accident for approximately forty-seven months is unreasonably and inexcusably late.

Nonetheless, defendants argue that Auto-Owners was not prejudiced by the late notice, and therefore, should be required to defend and indemnify Xtreme. First, a showing of prejudice is not required where, as here, it is determined that the insured's notice was unreasonably and inexcusably late. *See Country Mut. Ins. Co.*, 856 N.E.2d at 342. Second, even if it were, Auto-Owners has shown it suffered prejudice when it received notice of the accident after: (1) default judgment had been entered against Xtreme and Totev; (2) a proof hearing had been held on the issue of damages; and (3) the court denied two efforts by National to vacate the default judgment. (Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 9-13, 22, 23); *see Vega v. Gore*, 730 N.E.2d 587, 589-90 (Ill App. Ct. 2000) (holding that an insurer may demonstrate prejudice when it does not receive notice of a suit until after a default judgment is entered); *Am. Country Ins. Co. v. Cash*, 524 N.E.2d 1016, 1018 (Ill. App. Ct. 1988) (holding that failure to inform insurance company of default judgment until after it had been entered constituted breach of notice provision). Thus, the Court finds that defendant breached the notice provision of its insurance policy with plaintiff, and therefore, plaintiff has no duty or obligation to defend or indemnify Xtreme in regards to the Wilkerson action.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's motion for summary judgment [doc. no. 57] and denies the Wilkersons' cross motion for summary judgment [doc. no. 66]. Further, the Court grants judgment in favor of Auto-Owners, and against the Wilkersons, and declares the following:

A) Auto-Owners has no duty to defend Xtreme or Ivan Totev in the Wilkerson action, or indemnify Xtreme or Ivan Totev for any liability that may be or has been assessed against them in the Wilkerson action.[4]

Therefore, this case is terminated.

SO ORDERED                    ENTER:   February 7, 2011

_____

**RONALD A. GUZMAN**
**District Judge**

---

[4] Plaintiff also requests the Court to declare that it should be awarded just and reasonable costs incurred in this litigation. Because the plaintiff has provided no statutory or contractual basis for this request, the Court denies it.